TO BE PUBLISHED

# Supreme Court of Kentucky

## 2016-SC-000487-KB

FINAL
DATE 12/28/16 Kim Redmon, DC

KENTUCKY BAR ASSOCIATION                                                    MOVANT

V.                                        IN SUPREME COURT

DELBERT KEITH PRUITT                                            RESPONDENT

## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association (KBA) has recommended that Delbert Keith Pruitt be found guilty of several counts of misconduct and be suspended from the practice of law for 61 days. This Court adopts the recommendation.

Pruitt was admitted to the practice of law in the Commonwealth of Kentucky on October 29, 1999. His KBA number is 87872. His bar roster address is 321 Ferry Street, Metropolis, Illinois 62960, although he previously listed an address in Paducah, Kentucky.

The allegations of misconduct in this case, KBA File No. 24009, stem from Pruitt's representation of Barbara Long in a felony criminal case. Long hired Pruitt in 2015 and paid him $2,500 in cash at that time. Pruitt, however, contacted Long only sporadically. Long was worried because an arrest warrant had been issued for her. She became dissatisfied with Pruitt's representation

and hired new counsel. Even though he had been terminated, Pruitt failed to return the $2,500 fee or account for any portion of it that he may have earned.

Long filed a bar complaint in September 2015. Several attempts were made to serve the complaint at Pruitt's Paducah office address. Eventually, service was made on Pruitt via the Executive Director of the KBA under SCR 3.175(2). Pruitt did not respond to the bar complaint.

The Inquiry Commission issued a four-count charge alleging that Pruitt violated: (1) SCR 3.130-1.3[1] by failing to act with reasonable diligence in representing Long; (2) SCR 3.130-1.4(a)(3) and (4)[2] by failing to keep Long updated about her case and by failing to respond to Long's requests for information and attempts to communicate with him; (3) SCR 3.130-1.16(d)[3] by failing to timely return any unearned portion of the fee upon termination of the representation; and (4) SCR 3.130-8.1(b)[4] by failing to respond to the bar complaint.

---

[1] "A lawyer shall act with reasonable diligence and promptness in representing a client." SCR 3.130-1.3.

[2] "A lawyer shall ... keep the client reasonably informed about the status of the matter; [and] promptly comply with reasonable requests for information ...." SCR 3.130-1.4(a)(3)–(4).

[3] "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law." SCR 3.130-1.16(d).

[4] "[A] lawyer ... in connection with a disciplinary matter, shall not ... knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority ...." SCR 3.130-8.1(b).

2

Service of a copy of the charge was attempted at Pruitt's Paducah address by certified mail, but the charge was returned marked "unable to forward." Service was again accomplished via the Executive Director under SCR 3.175(2). The Executive Director, in turn, served a copy of the charge on Pruitt at his current Illinois address by certified mail, restricted delivery. Pruitt appears to have signed for this delivery.

Pruitt did not answer the charge, and the matter was submitted to the Board of Governors as a default case under SCR 3.210(1). Three members of the board recused from voting. On count 1, the board voted 12 to 2 to find Pruitt guilty. As to Count 2, the board voted 13 to 1 to find Pruitt guilty. As to counts 3 and 4, the board voted 14 to 0 to find Pruitt guilty.

The board then considered Pruitt's disciplinary history since his admission to the bar in 1999 (a private admonition in 2006) and his lack of interest in defending himself against the charge. The board considered two proposed sanctions, a 30-day suspension and a 61-day suspension. Under both, Pruitt would be required to repay the $2,500 fee, successfully attend and complete the KBA's Ethics and Professional Enhancement Program (EPEP), and pay the costs of the proceeding. The board voted 11 to 3 in favor of the 61-day suspension.

Neither the KBA's Office of Bar Counsel nor Pruitt has sought review by the Court under SCR 3.370(7). Furthermore, this Court declines to undertake review pursuant to SCR 3.370(8). Thus, the Board's decision is adopted in full under SCR 3.370(9).

## Order

ACCORDINGLY, IT IS ORDERED THAT:

1. Delbert Keith Pruitt is found guilty of the above-described violations of the Rules of Professional Conduct in KBA Case No. 24009.

2. Pruitt is hereby suspended from the practice of law in this Commonwealth for a period of 61 days.

3. Pruitt is ordered to repay the $2,500 fee to Barbara Long within 45 days.

4. Pruitt is ordered to attend and successfully complete the next Ethics and Professional Enhancement Program offered by the KBA.

5. As stated in SCR 3.390(a), this order shall take effect on the tenth day following its entry. Pruitt is instructed to promptly take all reasonable steps to protect the interests of his clients. He shall not during the term of suspension accept new clients or collect unearned fees, and shall comply with the provisions of SCR 3.130-7.50(5).

6. As stated in SCR 3.390(b), Pruitt must, within 10 days after the issuance of this order of suspension from the practice of law, notify by letter duly placed with the United States Postal Service all courts or other tribunals in which he has matters pending, and all of his clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Pruitt shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. He shall immediately cancel any pending advertisements, to the extent

4

possible, and shall terminate any advertising activity for the duration of the term of suspension.

7. In accordance with SCR 3.450, Pruitt is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $272.57, for which execution may issue from this Court upon finality of this Opinion and Order.

Minton, C.J; Hughes, Keller, Noble, Venters, and Wright, JJ., sitting. All concur. Cunningham, J., not sitting.

ENTERED: December15, 2016.

_____
CHIEF JUSTICE

5